UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. BENTLEY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. ED CV 10-1103 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

# I.

# **INTRODUCTION AND SUMMARY**

On August 2, 2010, plaintiff Christopher D. Bentley ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB"). [Docket No. 3.]

On February 7, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 11, 12, 13.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the

Administrative Law Judge ("ALJ") erred in his step-five analysis. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 55 years old on the date of his most recent administrative hearing, has a high school education and some vocational training in carpentry. (*See* Administrative Record ("AR") at 30, 45, 175, 200.)

On June 22, 2006, Plaintiff filed for DIB, alleging that he has been disabled since June 11, 2001 due to diabetes, high blood pressure, and shoulder, arm, feet and back problems.[1] (*See* AR at 75, 88, 175, 190, 195.)

On July 31, 2007, Plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. (AR at 25-44.) The ALJ also heard testimony from Sandra Schneider, a vocational expert ("VE"). (*Id.*; *see id.* at 95.)

On August 7, 2007, the ALJ denied Plaintiff's request for benefits. (AR at 79-86.)

Plaintiff appealed and, on August 27, 2009, the Appeals Council vacated the decision and remanded the case to the ALJ for further proceedings. (*See* AR at 127-28.)

On February 11, 2010, Plaintiff, represented by counsel, appeared and testified at a second hearing before the ALJ. (AR at 45-74.) The ALJ also heard testimony from Samuel Landau, M.D., a medical expert ("ME"). (*Id.*; *see id.* at 14.)

On March 25, 2010, the ALJ denied Plaintiff's request for benefits. (AR at 14-21.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since

---

[1] Plaintiff subsequently amended the onset date to June 1, 2006. (*See* AR at 14, 48.)

his amended alleged onset date. (*Id.* at 16.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "obesity; bilateral shoulder rotator cuff tears, surgically repaired; type 2 diabetes mellitus controlled with medication; history of arteriovenous malformation, surgically excised; history of seizure disorder without recurrence; dysthymia; and borderline intellectual functioning." (AR at 16 (bold omitted).)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[2] (AR at 17.)

The ALJ then assessed Plaintiff's residual functional capacity[3] ("RFC") and determined that Plaintiff can

> perform less than the full range of light work[.] . . . Specifically, he can lift and or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour day, and sit 6 hours in an 8-hour workday with normal breaks such as every 2 hours. He can occasionally stoop and bend. He cannot climb ladders, ropes, or scaffolds. He cannot reach above shoulder level bilaterally. He can understand, remember, and carry out simple instructions. He cannot understand, remember, and carry out detailed and complex instructions and he cannot make

---

[2] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

detailed and complex judgments and decisions.

(AR at 17 (bold omitted).)

The ALJ found, at step four, that Plaintiff lacks the ability to perform his past relevant work as a school janitor. (AR at 19.)

At step five, based on Plaintiff's RFC and the VE's testimony from the first administrative hearing, the ALJ found that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed [through the date last insured]," including cashier II and small products assembler. (AR at 19-20 (emphasis omitted).) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 15, 20.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-4, 9.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d

at 459.  To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'"  *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUE PRESENTED

A single disputed issue is presented here:  whether the ALJ improperly concluded, at step five, that Plaintiff could perform other work.  (*See* Joint Stip. at 4-14, 18.)

## V.
## DISCUSSION AND ANALYSIS

Plaintiff argues that the "ALJ in this matter determined that [Plaintiff] was limited to occupations which required him to not reach above the shoulder bilaterally."  (Joint Stip. at 6.)  Plaintiff contends that "[b]ased on the vocational testimony the ALJ determined that [Plaintiff] could perform the alternative work of cashier II and small products assembler," even though the *Dictionary of Occupational Titles* ("DOT") describes both occupations "as requiring frequent . . . use of both extremities to reach."  (*Id.* at 6, 7 (emphasis in original).)

Plaintiff maintains that "the ALJ failed to ask the pertinent question regarding any conflicts, and also did not obtain a reasonable explanation for the apparent conflict for both reaching limitations" and erred in relying on the VE's testimony.  (Joint Stip. at 11, 13.)

5

A.  <u>Step-Five Determination</u>

At step five of the sequential evaluation, the burden of proof shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). One method of demonstrating the existence of these jobs is through the testimony of a VE, who can assess the effect of any limitation on the range of work at issue, identify jobs which are within the RFC, if they exist, and provide a statement of the incidence of such jobs in the region where the claimant lives or in several regions of the country. Social Security Ruling ("SSR") 83-12,[4] 1983 WL 31253, at *3.

Pursuant to SSR 00-4p, when a VE provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative responsibility to ask about any possible conflict" between that testimony and the DOT and to obtain a reasonable explanation for any conflict.[5] 2000 WL 1898704, at *4. An ALJ may not rely on a VE's testimony without first inquiring whether the testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).

Neither the DOT nor the testimony of the VE "automatically 'trumps' when there is a conflict." *Massachi*, 486 F.3d at 1153 (footnote omitted). Accordingly, the ALJ must first determine whether a conflict exists. *Id.* If it does, the ALJ "must

---

[4] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

[5] The Commissioner primarily relies on the DOT for "information about the requirements of work in the national economy." *Massachi*, 486 F.3d at 1153 (internal quotation marks and footnote omitted)

then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Id.*

### B. The ALJ Erred in Relying on the VE's Testimony

The Court concludes that the ALJ improperly relied on the VE's testimony. Two reasons guide this determination.

First, the record indicates that the VE's testimony that Plaintiff could perform work as a cashier II and small products assembler raised a conflict with Plaintiff's restriction from reaching "above the shoulder level bilaterally." (*See* AR at 17 (ALJ's RFC determination precluding Plaintiff from reaching "above the shoulder level bilaterally"), 41 (VE testimony that Plaintiff could perform work as a cashier II, or a small products assembler).) According to the DOT, the physical demands of both jobs include frequent reaching. *See* DOT 211.462-010, 1991 WL 671840 (cashier II description); DOT 706.684-022, 1991 WL 679050 (assembler, small products I description).

In this context, reaching means "extending the hands and arms in *any* direction." SSR 85-15, 1985 WL 56857, at *7 (emphasis added). "Frequent" means occurring from one-third to two-thirds of the time, or up to almost six hours in an eight-hour work day. SSR 83-10, 1983 WL 31251, at *6. Contrary to Defendant's assertion that "[n]either description contains any information about what types of reaching are required for the respective jobs," (Joint Stip. at 17 (underlining omitted)), both jobs contemplate significant potential reaching above the shoulder. Accordingly, an apparent conflict existed between the DOT's occupational definition of the cashier II and small products assembler positions and the VE's testimony that Plaintiff could perform such work.

Second, although the ALJ states in his decision that the VE's "testimony is consistent with the information contained in the [DOT]," (AR at 20), there is no indication in the record that the ALJ asked the VE whether a conflict existed. (*See generally id.* at 27-44; *see also* Joint Stip. at 14 (Defendant admitting that "[i]n

questioning the [VE], the ALJ did not ask whether her testimony was consistent with the information found in the [DOT]").) The ALJ therefore took it upon himself to conclude, incorrectly, that the testimony was consistent. This was error. *See Massachi*, 486 F.3d at 1153 (if conflict exists, ALJ must determine whether VE's explanation for conflict is *reasonable* and whether a basis exists for relying on the VE rather than the DOT). In the absence of clear evidence in the record to support the deviation, the Court "cannot determine whether the ALJ properly relied on the [VE's] testimony." *Id.* at 1154. Thus, the Court finds that the ALJ's step-five determination is not supported by substantial evidence.

## VI.
## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required so that the ALJ may redetermine Plaintiff's ability to perform other work in the national economy. *Massachi*, 486 F.3d at 1153-54, n. 19 (remand is appropriate where the court has "an apparent conflict with no basis for the [VE's] deviation"). On remand, the ALJ should obtain a reasonable explanation from the VE, if one exists, for the conflict between her testimony and the DOT. *See, e.g., Hernandez v. Astrue*, 2011 WL 223595, at *5 (C.D. Cal. 2011) ("It may be that

the apparent conflicts between the *DOT* and the VE's testimony are not actual conflicts, or that any conflict may be satisfactorily resolved.").

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.


Dated: July 14, 2011

_____

Hon. Jay C. Gandhi
United States Magistrate Judge